UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 24-121 |
| TYRAN ADAMS | * | SECTION "L" (2) |

**ORDER AND REASONS**

Before me is Defendant Tyran Adams' second Motion to Reopen Detention.  ECF No. 52.
The Government filed an Opposition Memorandum.  ECF No. 54.  The Court held a hearing on
September 18, 2024, during which Defendant introduced Exhibit A (Instagram live video), which
the court admitted without objection.

At the conclusion of the hearing, and having considered the record, the evidence, the
argument of counsel, and the applicable law, the Court DENIED Defendant's Motion to Reopen
Detention, with written reasons to follow.    The Court now assigns reasons below.

I.    **BACKGROUND**

On May 23, 2024, the Grand Jury issued a 10-count indictment against Tyran Adams and
two others, Lawrence Watkins and Keyan Brown.  ECF No. 1.  The charges against Adams are set
forth in Counts 1 (conspiracy to possess with intent to distribute controlled substances), 2
(conspiracy to possess firearms in furtherance of a drug trafficking crime), 5 (possession with
intent to distribute cocaine and fentanyl), 6 (possession of a firearm in furtherance of a drug
trafficking crime) and 7 (being a felon in possession of a firearm).  *Id*.  The Government moved
for detention pursuant to 18 U.S.C. § 3142(f)(1)(C) and (E) and § 3142(f)(2)(risk of flight), during
which it invoked the presumption of detention arising under 18 U.S.C. § 3143(e)(3).  ECF No. 31.

A.      **The June 21, 2024 Detention Hearing**

The Court proceeded with the detention hearing on June 21, 2024, during which Adams was represented by privately retained counsel Amanda Crowley Fraser standing in for Graham Bosworth. ECF No. 30.  Before the hearing, the Court received a report from Pretrial Services recommending detention.  ECF No. 29.  After calling the case, defense counsel advised that Defendant Adams stipulated to detention, with reservation of rights to re-open.  Before proceeding, the Court confirmed that Mr. Adams understood the limitations set forth in 18 U.S.C. § 3142(f), specifically confirming that Adams agreed to detention and understood that his attorney could only move to reopen the question of detention if he believes information exists that was not known to Adams at the time he consented to detention and the new information has a material bearing on the issue of whether there are any conditions of release that will reasonably assure his appearance as required and the safety of any other person or community.  Considering the presumption, the recommendation of pretrial services, and Defendant's stipulation, the undersigned issued an Order of Detention.  ECF No. 31.

B.      **The Current Motion to Reconsider Detention**

Defendant now seeks to reopen detention on the basis that he recently obtained Instagram live video from over a year ago.  He argues this video establishes that he has no association with the other defendants and objected to their jumping into his car immediately prior to the arrests. ECF No. 52 at 4.  On this basis of this evidence, which he contends is new and exculpatory, he seeks to re-open the detention issue under §3142(f).  *Id.* at 2-4.  Notably, Defendant concedes that he was aware of this "exculpatory evidence proving that he had nothing to do with the three co-defendants arrested with him" in this case at the time of the initial detention hearing. *Id.* at 2.  He argues, however, that the video was only available on his cell phone, which the Government seized,

so he could not present the evidence at the detention hearing. *Id.* After the hearing, Plaintiff's family contacted the other person on the Instagram live video to obtain a copy of the video from him, which was then provided to counsel and introduced as Exhibit A. *Id.* at 3. Defendant argues that this exculpatory evidence justifies reopening his detention because the Bail Reform Act must be applied with common sense and that this new evidence has a material bearing on risk of flight and danger. *Id.* at 4-5 (citations omitted).

The Government opposes the motion, arguing that Defendant cannot establish "newly discovered evidence," as required by § 3142(f). ECF No. 54 at 2. It further argues that, between Defendant's arrest on state charges in June 2023 and before dismissal of the state charges in February 2024 and indictment in federal court, Defendant could have obtained this evidence. *Id.* at 2-3. Although the evidence was only recently obtained, the information reflected in same was known to Defendant at the time of the detention hearing. *Id.* at 3-4. Because Defendant was aware of the information from the outset, it does not constitute "new" information as necessary to re-open detention under § 3142(f). *Id.*

## II.   APPLICABLE LAW AND ANALYSIS

### A. Bail Reform Act

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, requires pretrial release of a defendant under the least restrictive condition, or combination of conditions, that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(c). If, after a hearing pursuant to § 3142(f), the court finds that there is no such condition or combination of conditions of release, the court shall order that the defendant be detained before trial. *Id.* § 3142(e)(1). Further, the defendant need not have the evidence in admissible form, but rather, may proceed by proffer. *Id.* § 3142(f) (stating that the

defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise," without regard to the rules of evidence).

At the detention hearing, the court must consider the available information concerning:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, firearm, . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

*Id.* § 3142(g). When determining whether the defendant's risk of flight warrants detention, the court must find by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial; the court's determination that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. *Id.* § 3142(f)(2).[1] Either the lack of reasonable assurance of the defendant's appearance *or* the safety of others or the community is sufficient; both are not required.[2]

The existence of probable cause to believe that the defendant committed a crime under the Controlled Substances Act, 21 U.S.C. §§ 801-971, that carries a maximum term of imprisonment

---

[1] *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).
[2] *Fortna*, 769 F.2d at 249 (citing cases).

of ten years or more or under certain specified offenses of the Federal Gun Control Act, 21 U.S.C. § 924(c), creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community.[3]  The § 3142(e) rebuttable presumption shifts to defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of some evidence does not completely rebut the presumption.[4]  The presumption is not a mere "bursting bubble" that totally disappears from consideration after a defendant comes forward with evidence; it remains in the evidentiary balance, and the mere production of evidence does not completely eliminate the presumption.[5]  In making its ultimate determination, the court may consider Congress' finding that drug offenders pose a special risk of flight and dangerousness to society.[6]  Indeed, the risk of continued drug trafficking while on bail constitutes a risk to the community.[7]

The rebuttable presumption applies to this case because Adams has been charged by indictment with violations of the Controlled Substances Act and § 924(c) of the Federal Gun Control Act.  § 3142(e)(3)(A)-(B).[8]

**B.  Re-Opening Detention Under § 3142(f)**

The court may reopen the matter of detention at any time before trial if the court finds that information exists that: (1) "was not known to the movant at the time of the hearing" and (2) "has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the

---

[3] 18 U.S.C. § 3142(e)(3)(A)-(B); *see also United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

[4] *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

[5] *Id* (citation omitted).

[6] *Id.* at 798–99.

[7] *Rueben*, 874 F.2d at 586 (citing *Hare*, 873 F.2d at 798).

[8] *See* ECF No. 1; *United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988); *see also Kaley v. United States*, 571 U.S. 320, 328 (2014) (internal quotation marks and citation omitted) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) ("[A]n indictment fair upon its face, and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged.")).

community."[9] This standard is two-pronged and requires the movant to present information that is both new and material to the defendant's risk of flight or danger to the community.[10]

Section 3142(f) is "not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew . . . he could have investigated . . . before the detention hearing."[11] It thus precludes a party from a second bite of the detention apple unless there is some demonstrated legitimate reason for not having initially presented the evidence.[12]   Courts interpreting "new and material information" for purposes of § 3142(f) require "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly.[13]   "New counsel and/or a better argument is not new information within the meaning of § 3142(f)."[14]

If, at the time of the original detention hearing, the defendant is aware of certain information, that information cannot thereafter be characterized as new information that was unavailable at the time of the original hearing.[15]   For instance, in *United States v. Caruso*, 20-165, 2021 WL 18111586 (D. Az. May 6, 2021), the court rejected defendant's argument that an expert report concluding he had substantial bitcoin wealth constituted new evidence:   "If, in fact,

---

[9] § 3142(f)(2); *see also United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (the standard asks "whether any 'new' information was presented"); *Hare*, 873 F.2d at 799.

[10] *Stanford*, 367 F. App'x at 510-11 (explaining that the information must be new).

[11] *United States v. Munguia*,  Cr. No. 19-191, 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020) (citation omitted); *see Hare*, 873 F.2d at 799 (testimony of family and friends regarding appearance in prior prosecutions was not new evidence).

[12] *See United States v. Flores*, 856 F. Supp. 1400, 1405 (E.D. Cal. 1994); *see also United States v. Bowens*, No. 07-5442, 2007 WL 2220501, at *3 (D. Ariz. July 31, 2007).

[13] *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020); *United States v. Rodriguez*, No. 20-565, 2022 WL 992739, at *1 (N.D. Tex. Apr. 1, 2022) (Ramirez, M.J.) (citing *United States v. Jerdine*, No. 08-481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); *cf. United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 238-239 (D.P.R. 2009).

[14] *United States v. Cisneros-Monje*, No. 20-159, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022).

[15] *United States v. Green*, 793 F. App'x 223, 225 (5th Cir. 2019) (denying § 3142(f) motion to modify "no firearm" restriction to allow defendant to maintain one rifle at his home for protection against wildlife in the winter where he knew that wildlife inhabited the area at the initial hearing).

Defendant has such substantial cryptocurrency assets in his possession and control, he certainly knew it at the time of his detention hearing, yet he did not raise it to the Court."[16]  The court also rejected the argument that, while Defendant advised his counsel of the bitcoin, he could not support that claim until he obtained the expert's report, for three reasons:

> First, Section 3142(f)'s provision allowing a reopening of detention proceedings is triggered on qualifying information "not known to the movant at the time of the hearing," not his attorneys. . . . The statutory provision is specific and clear, as is its purpose, which is to preclude a defendant from taking multiple bites at the apple when the facts are known to him as of the first bite. Whatever counsel at the time of the detention hearing "knew," Defendant certainly knew of his holdings, as under all accounts, he has consistently asserted to his attorneys from the inception of this matter that he had hundreds of millions (to billions) in his cryptocurrency accounts.
>
> Second, there is no prohibition, ethical or otherwise, against counsel reporting to the Court at a detention hearing that a client claims or may have substantial assets counsel has not yet verified.  . . .  When that happens, the judge allows additional time to explore and flesh out such assertions, . . . .  But that did not happen here, though it easily could have.
>
> Third, counsel's argument that "[a] lawyer couldn't make said proffer at that point because the evidence . . . misreads the statute in yet another way. Counsel conflates new "information," which is what Section 3142(f) requires to reopen, with new "evidence," which the statute does not even mention.  This is not to say that new evidence cannot itself be new information. But where, as here, the new evidence merely reiterates information a defendant already knows or asserts to be true, Defendant's argument is simply wrong. Everything the expert opines on in this matter is based on information already known to, and provided to him by, Defendant. It does not add new information to the equation. The expert report here is new evidence perhaps probative of previously known information; it is not itself new information.

*Id*. at *2; *see also United States v. Hemani*, 684 F. Supp. 3d 579, 584 (E.D. Tex. 2023) (concluding that emails to family, boarding passes, booking information, photographs and banking information did not constitute new information under § 3142(f) because same were known to the defendant at the time of the hearing).  Nor is the discovery of evidence argued to be exculpatory sufficient.  *See United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232 (D.P.R. 2009) (denying motion to re-

---

[16] *Id.* at *1.

open based on evidence uncovered that bears on defendant's likelihood for conviction, which "typically bear[s] on the 'weight of evidence factor'").

District courts within the Fifth Circuit interpret § 3142(f)'s "not known to the movant at the time of the hearing" language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to the defendant.[17] These courts reason that a defendant cannot forego an opportunity to confront a witness and elicit favorable testimony, and then later claim the testimony he or she failed to elicit would constitute new information[18] because a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing.[19] Most courts in other jurisdictions agree with this strict interpretation of § 3142(f).[20]

### C. <u>Section 3145(b) Review of Detention</u>

While a motion to reopen under § 3142(f) requires the existence of new information that was unavailable at the original detention hearing, § 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked.[21] The district judge,

---

[17] *United States v. Reddy*, No. 19-597, 2020 WL 1862564, at *2 (N.D. Tex. Apr. 13, 2020) (Ramirez, M.J.) (holding that information regarding reasons for defendant's trip out of the country and transfer of money does not constitute new information under § 3142(f) because defendant could not show that the information was not known to him at the time of the detention hearing and the information was either known to him, or should have been known to him, at the time of the detention hearing); *United States v. Chappell*, Cr. No. 17-361, 2017 WL 11517833, at *3-*4 (N.D. Tex. Oct. 10, 2017) (rejecting argument that employer's willingness to testify and serve as a third-party custodian constituted new information because defense counsel failed to contact employer before the hearing when he knew defendant was employed and the employer could potentially testify even though he did not know whether the employer would serve as a third party custodian because he knew he could ask his employer that before the original hearing but failed to do so).

[18] *Munguia*, 2020 WL 1471741, at *3.

[19] *Chappell*, 2017 WL 11517833, at *4 (citations omitted).

[20] *United States v. Dillon*, 938 F.2d 1412, 1415, 1417 (1st Cir. 1991) (affirming denial of motion to reopen where new affidavits and letters attesting to character which were authored by persons who attended the original detention hearing because those persons could have written or testified at the initial hearing); *United States v. Cartagena-Mederos*, 888 F. Supp. 2d 211, 213 (D.P.R. 2012) (citation omitted) (affirming denial of a motion to reopen where defendant "had sufficient time to prepare for witnesses questioning and failed to ask questions of the witnesses . . . that should have been raised during the initial hearing). *But see United States v. Bills*, Cr. No. 19-00069, 2019 WL 1901643, at *5 (M.D. Tenn. Apr. 29, 2019) (applying "complete lack of diligence" standard to § 3142(f)).

[21] *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003); *United States v. Garcia*, 445 F. App'x. 105, 108-09 (10th Cir. 2011).

8

however, not the magistrate judge, is the appropriate decision maker under § 3145. "The hierarchy suggested by § 3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess."[22]

Thus, unlike a § 3142(f) request to re-open, Defendant may present evidence that was available and not offered during the initial hearing to the district court conducting a de novo review of the magistrate judge's detention order under § 3145(b).[23] This is because the district court must make an independent determination and may consider not only the information presented at the initial hearing but any additional evidence that may be offered.[24]

## III.   **CONCLUSION**

Defendant's motion fails to present any "new" information, as required by § 3142(f). Accordingly, the court cannot reopen the detention issue under § 3142(f). Defendant may seek review of the detention order from the district judge under § 3145(b), during which he may present additional evidence, even evidence not considered "new information" under § 3142(f). Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Reopen Detention (ECF No. 52) is DENIED.

New Orleans, Louisiana, this ___18th___ day of September, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[22] *Cisneros*, 328 F.3d at 616 (citations omitted).
[23] The Fifth Circuit has not addressed whether a party must seek review under § 3145 within 14 days of the detention order. *Compare United States v. Pineda-Diaz*, Cr. No. 20-004, 2020 WL 2747421, at *1 (N.D. Tex. May 26, 2020) (citation omitted) (holding that a defendant must seek review of a magistrate judge's detention order within 14 days pursuant to Fed. R. Crim. P. 59(a)), *with United States v. Doby*, 928 F.3d 1199, 1205-06 (10th Cir. 2019) (holding that Rule 59's 14-day limit does not apply to a § 3145(b) motion because a magistrate judge addresses § 3142 detention via a statutory grant of powers under 28 U.S.C. § 636(a), not a district judge's referral matter under § 636(b)).
[24] *Garcia*, 445 F. App'x at 108 (citation omitted).

9